IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY TERRY DAN,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY and MICHAEL W. JENSEN, Prosecutor Attorney, in his individual capacity,<br><br>Defendants. | **8:20CV283**<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff is an inmate with the Nebraska Department of Corrections. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 8), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  SUMMARY OF COMPLAINT

Plaintiff sues Douglas County and county prosecutor Michael Jensen in his individual capacity for "maliciously prosecuting [him] under two different case numbers." (Filing 1 at CM/ECF p. 4.) The only factual allegations Plaintiff makes to support his claim is that he crashed his truck into Metropolitan Community College while trying to get away from several gang members who were trying to rob him in Omaha, Nebraska, on July 27, 2019. Plaintiff requests $500,000 in damages. (*Id*. at CM/ECF pp. 4-5.)

Attached to Plaintiff's Complaint is a grievance he appears to have sent to the Office of the Counsel for Discipline (Filing 1-1) on April 30, 2020, complaining about Defendant Jensen's performance in two criminal cases that presumably

involve Plaintiff, CR 19-22667 and CR 19-4641.[1] Plaintiff accuses Jensen of prosecuting charges against him without probable cause or sufficient evidence and failing to disclose to the defense "all evidence and information in a timely manner." (*Id*. at CM/ECF p. 3.) In Case No. CR 19-4641, Plaintiff states that "se[ver]al people have engaged in conduct involving dishonesty, fraud, deceit, and or misrepresentation and engaged in conduct prejudicial to the administration of justice" which constitutes "organized corruption." (*Id*. at CM/ECF p. 4.) The Office of the Counsel for Discipline declined to investigate Plaintiff's allegations. (*Id*. at CM/ECF p. 2.)[2]

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

[1] The Nebraska Courts' JUSTICE system confirms that CR 19-22667 (Douglas County Court) was prosecuted by Michael Jensen against Plaintiff for two counts of first-degree assault and one count of criminal mischief occurring on July 27, 2019. After the preliminary hearing was waived, the case was bound over to district court (CR 19-4641, District Court of Douglas County), where Plaintiff was found guilty on one count of first-degree assault. The second first-degree-assault charge and the criminal-mischief charge were dropped and dismissed.

[2] Plaintiff has also filed documents regarding a separate criminal case, CR 19-18946, and Plaintiff's complaints to the Counsel for Discipline regarding his counsel in that case, Richard P. McGowan. (Filings 15, 16.) It is not clear how these documents are relevant to the case before this court.

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

### A.  Claim Against Douglas County

In order to state a plausible claim against Douglas County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

3

> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County or its prosecutors, that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct, that any unconstitutional custom was the moving force behind his injuries, or that the county failed to adequately train its employees. Even with the most liberal construction, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against Douglas County.

Allowing amendment of Plaintiff's Complaint to state a claim against Douglas County would be futile because without a constitutional violation by a county employee, there can be no section 1983 or *Monell* liability for the county and, as discussed below, there can be no liability on the part of the county prosecutor in this case. *Whitney v. City of St. Louis, Missouri*, 887 F.3d 857, 861 (8th Cir. 2018); *see also Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) ("Because we conclude that Officer Hinman did not violate Malone's constitutional rights, there can be no § 1983 or *Monell* liability on the part of Chief Thomas and the City."); *Sitzes v. City of W. Memphis*, 606 F.3d 461, 470 (8th Cir. 2010) (agreeing with district court that plaintiffs' claims "could not be sustained absent an underlying constitutional violation by the officer"); *Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007) ("Without a constitutional violation by the individual officers, there can be no § 1983 or *Monell . . .* municipal liability.").

Accordingly, Plaintiff's claims against Douglas County will be dismissed.

## B.  Claim Against Prosecutor in Individual Capacity

Plaintiff also sues Defendant Jensen in his individual capacity for malicious prosecution. "It is well established in this circuit that '[a]n action for malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury.'" *Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (8th Cir. 2000) (quoting *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 977 (8th Cir. 1993)). "[M]alicious prosecution can form the basis of a § 1983 suit only if defendant's conduct also infringes some provision of the Constitution or federal law," *Sanders*, 984 F.2d at 977, which Plaintiff does not allege.

Furthermore, "[p]rosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003)). The filing of criminal charges—about which Plaintiff complains—is an action intimately associated with the judicial phase of the criminal process, and absolute immunity applies "even if the prosecutor's steps to initiate a prosecution are patently improper." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). "Allegations of unethical conduct and improper motive in the performance of prosecutorial functions do not defeat the protection of absolute immunity." *Id.*

Accordingly, Plaintiff's claim against Defendant Jensen must be dismissed.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted.

2.      Judgment shall be entered by separate document.

DATED this 18th day of November, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge